UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Briks, et al., | File No. 19-cv-44 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Smith, Strege, Fredericksen,<br>Butts, & Clark, Ltd., et al., | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon referral from the Honorable Wilhelmina M. Wright pursuant to 28 U.S.C. § 636, [Docket No. 16], of the Defendants Smith, Strege, Fredericksen, Butts, & Clark, Ltd. and Richard Smith's (hereinafter collectively "Defendants") Motion to Dismiss, [Docket No. 11]; Defendants' Motion to Strike Pleadings, [Docket No. 29]; Plaintiffs James Briks and Jerome Briks' (hereinafter collectively "Plaintiffs") Motion to Show Cause, [Docket No. 35], and Plaintiffs' Motion for Sanctions. [Docket No. 36]. The Court took the parties' Motions under advisement on the parties' written submissions on April 18, 2019. (See, Order [Docket No. 49]).

For the reasons discussed herein, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 11], be **GRANTED**.

Furthermore, for the reasons discussed herein it is ordered that, Defendants' Motion to Strike Pleadings, [Docket No. 29], is **DENIED as moot**; Plaintiffs' Motion to Show Cause, [Docket No. 35], may be **TERMED**; and Plaintiffs' Motion for Sanctions, [Docket No. 36], is **DENIED**.

## I. Background[1]

At some time before, September 9, 2010, Plaintiffs' brother, Donald Briks, retained "Defendants to establish a trust" and Defendant "Smith drafted the trust" into which "Donald conveyed most of his property." (Compl., [Docket No. 1], at 3). According to Plaintiffs, Defendant Smith "also prepared quit claims [sic] deed for the purpose of a loan that was taken out by Farm Credit Service." (Id.). Donald Briks also allegedly "agreed to this transfer of real estate into his revocable trust which he, in turn, mortgaged in favor of Farm Credit Services to support the lending he was pursuing." (Id.).

During the transfer of Donald Briks' property into the Trust, Plaintiffs' interest in other property was inadvertently transferred into the Trust when documents identifying Plaintiffs' interest in that property were inadvertently attached to Trust documents. (Id. at 4). Plaintiffs allege that, in creating the Trust and transferring property into the Trust, Defendants "failed to draw up any written agreement between the Plaintiffs [or] Donald Briks to detail the intentions of the parties that Plaintiffs should remain the actual owners of their shares in the property." (Id.).

Donald Briks passed away on September 9, 2010, at which point the Trust became irrevocable, and Donald Briks sisters became the Trustees. (Id. at 1). Sometime thereafter, Plaintiffs (James Briks and Jerome Briks) discovered the error in transferring some of the property to the Trust, and they sought the return of their property. Defendants (Smith, Strege, Fredericksen, Butts, & Clark, Ltd. and Richard Smith) drafted quit claim deeds to return the inadvertently transferred property to James Briks and Jerome Briks, however, the new Trustees objected to the

---

[1] The facts in the present background are compiled from Plaintiffs' Complaint, [Docket No. 1], as well as, judicial records implicitly referenced in Plaintiffs' Complaint. Generally, in evaluating a complaint, materials outside the pleadings cannot be considered on a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" such as judicial records. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079).

transfer of any property out of the Trust without compensation. In response to the attempted transfer of some Trust property interest back to James Briks and Jerome Briks, the new Trustees filed an action in Minnesota State Court against Smith, Strege, Fredericksen, Butts, & Clark, Ltd. and Richard Smith seeking "all recoveries available" resulting from the inadvertent transfer of property into the Trust and the attempt to return said property interest to James Briks and Jerome Briks. That state court litigation initiated by the Trustees, in which James Briks and Jerome Briks participated, but were not named parties, resulted in a settlement agreement in which James Briks and Jerome Briks "agreed to purchase real estate from the Trust at $3,000 per acre, reduced by payment made by" Smith, Strege, Fredericksen, Butts, & Clark, Ltd. and Richard Smith to the Trust to settle claims for erroneous advice given by Smith, Strege, Fredericksen, Butts, & Clark, Ltd. and Richard Smith to the Trust resulting in those transfers.[2]

Thereafter, Plaintiffs here (James Briks and Jerome Briks) initiated an earlier, separate lawsuit directly against Defendants here (Smith, Strege, Fredericksen, Butts, & Clark, Ltd. and Richard Smith) in the Eighth Judicial District, County of Wilkin, State of Minnesota, District Court. Briks v. Smith, Strege, Fredericksen, Butts, & Clark, Ltd., 84-cv-17-31. In that action, Plaintiffs asserted three claims: (1) a legal malpractice claim stemming from the original Trust creation, (2) a legal malpractice claim stemming from the creation of the quit claim deed, and (3) a contribution claim stemming from the damages allegedly suffered by Plaintiffs from the creation of the quit claim deeds. See, Id. On December 3, 2018, the Honorable Amy J. Doll dismissed Plaintiffs' claims in the earlier state court action against Defendants finding that Plaintiffs' legal malpractice claim stemming from the Trust creation was time barred, and that Plaintiffs' legal malpractice claims against Defendants stemming from the quit claim deeds should be dismissed

---

[2] This procedural history can be found in Briks v. Smith, Strege, Fredericksen, Butts, & Clark, Ltd., 84-cv-17-31, December 3, 2018 Order.

3

because Plaintiffs failed to demonstrate any financial harm suffered from the creation of said quit claim deeds. See, Id.

On January 8, 2019, Plaintiffs initiated the present action before this Court by filing their Complaint. [Docket No. 1]. In their Complaint, Plaintiffs allege "that Defendants violated Plaintiffs' Fourteenth Amendment—Due Process and Equal Protection rights guaranteed by the United States Constitution." (Compl., [Docket No. 1], at 3). Liberally construing Plaintiffs' pro se Complaint, Plaintiffs allege that Defendants' violated their due process and equal protection rights by inadvertently transferring Plaintiffs' interest in certain property into the Trust and by failing to "draw up any written agreement between the Plaintiffs [or] Donald Briks to detail the intentions of the parties that Plaintiffs should remain the actual owners of their shares in the property." (See, Id.).[3]

On February 8, 2019, Defendants responded to Plaintiffs' Complaint by filing their present Motion to Dismiss. [Docket No. 11]. On February 12, 2019, the Honorable Wilhelmina M. Wright referred all dispositive and non-dispositive motions in the present case to the undersigned pursuant to 28 U.S.C. § 636. (Order [Docket No. 16]).

On February 15, 2018, the undersigned established a briefing schedule on Defendants' Motion to Dismiss. (Order [Docket No. 18]). That schedule required Plaintiffs to file and serve their memorandum in response to Defendants' Motion to Dismiss by no later than March 8, 2019. (Id.). The briefing schedule also required Defendants to reply to Plaintiffs' response, if any, within

---

[3] Under the "Jurisdiction and Venue" portion of their Complaint, Plaintiffs assert that "[t]his court has supplemental jurisdiction over the related state law claim," however, Plaintiffs fail to raise any state law claims. Even if Plaintiffs' Complaint was broadly construed to contain causes of action based in state law, because the undersigned recommends dismissing Plaintiffs causes of action based in federal law, the undersigned would still recommend that the Court decline to exercise supplemental jurisdiction over any state law claims. See, United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

fourteen days after receipt of Plaintiffs' response, and in any event no later than March 22, 2019. (Id.).

On February 21, 2019, Plaintiffs filed their memorandum in opposition to Defendants Motion to Dismiss. (Plfs.' Mem. [Docket No. 25]). And on February 26, 2019, Defendants filed their reply memorandum. (Defs.' Mem. [Docket No. 26]).

On March 12, 2019, Plaintiffs filed an unsolicited, second memorandum in purported opposition to Defendants' Motion to Dismiss. (Plfs.' Second Mem. [Docket No. 27]). On June 12, 2019, Defendants filed their Motion to Strike, [Docket No. 29], seeking an Order of this Court striking Plaintiffs' second memorandum in opposition to Defendants' Motion to Dismiss. (Defs.' Mot. to Strike [Docket No. 29]). In apparent response to Defendants' Motion to Strike, Plaintiffs on March 18, 2019, filed a document entitled a Motion for Order to Show Cause, [Docket No. 35], as well as, a Motion for Sanctions. [Docket No. 36].

## II. Defendants' Motion to Dismiss. [Docket No. 11].

Defendants argue the Fourteenth Amendment does not apply to private, non-state actors, and therefore, Plaintiffs' claim thereunder must fail as a matter of law. (Defs.' Mem. in Supp. [Docket No. 12]). Plaintiffs failed to respond to Defendants assertion that the Fourteenth Amendment does not apply to private actors such as Defendants. Instead, Plaintiffs merely assert conclusorily that "Defendants' Motion to Dismiss should be den[i]ed" because the Complaint gives "fair notice of the nature and basics [sic] of the claim." (Plfs.' Mem., [Docket No. 25], at 3).

### A. Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), courts "look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc.

5

v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir 1998)), cert. denied 525 U.S. 1178 (1999). Courts must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the favor. Aten v. Scottsdale Ins. Co., 511 F. 3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57). When courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" the claims against a defendant "across the line from conceivable to plausible," they may disregard mere legal conclusions that are couched as factual allegations. See, Iqbal, 556 U.S. at 678–81.

Generally, in evaluating a complaint, materials outside the pleadings cannot be considered on a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" such as judicial orders. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079).

6

While the Court is required to construe the content with Plaintiffs' pleadings liberally as they are proceeding pro se, Plaintiffs are nevertheless bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted) see, e.g., Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

### B. Analysis

In their Complaint, Plaintiffs only conclusorily allege that Defendants violated Plaintiffs due process and equal protection rights under the Fourteenth Amendment when Defendants inadvertently transferred Plaintiffs' interest in some of their property into the Trust and when Defendants failed to "draw up any written agreement between the Plaintiffs [or] Donald Briks to detail the intentions of the parties that Plaintiffs should remain the actual owners of their shares in the property." (Compl., [Docket No. 1], at 3–5).

The Fourteenth Amendment protects individuals exclusively against governmental misconduct. See, Montano v. Hedgepeth, 120 F.3d 844, 847 (8th Cir. 1997). It is well-established that "[t]here is simply no cause of action for a private violation of constitutional privileges in the absence of state action." Daniels v. National City Bank, 947 F.2d 944 (6th Cir. 1991); see, e.g.,

7

Krukemyer v. Forcum, 475 F. App'x 563, 566 (6th Cir. 2012) ("Indeed, there is no constitutional right to be free from harm inflicted by private actors."); Stevens v. Braniff Airways, Inc., 490 F. Supp. 231, 233 (D. Minn. 1980) ("Where a claim is presented under the Fourteenth Amendment, it is well established that plaintiff must show that state action is involved."); McCrory v. Rapides Reg'l Med. Ctr., 635 F. Supp. 975, 980 (W.D. La. 1986) ("Mere private action, no matter how discriminatory or wrongful, does not give rise to a constitutionally based [private] cause of action."); Luther v. Am. Nat. Bank of Minnesota, No. 12-cv-1085 (MJD/LIB), 2012 WL 5471123, at *4 (D. Minn. Oct. 11, 2012). Thus, to successfully assert such a claim, Plaintiffs must at the outset plead sufficient facts demonstrating that Defendants, when taking the actions as alleged in the Complaint, were acting under the color of state law. See, West v. Atkins, 487 U.S. 42, 48 (1988).

In the present case, Plaintiffs wholly fail to demonstrate, or even argue, that Defendants were acting under the color of state law when Defendants took the actions alleged in the Complaint. Neither Plaintiffs' Complaint nor Plaintiffs' response to the present Motion to Dismiss assert or even imply that Defendants were acting under color of state law. Even accepting as true all of Plaintiffs' factual allegations and drawing all reasonable inference in Plaintiffs' favor, Plaintiffs have not made any specific factual allegations that would support the claim that Defendants were state actors or in any way engaged in state action under the Fourteenth Amendment.

Here, Plaintiffs simply allege that Defendants inadvertently transferred some of Plaintiffs' property interests into the Trust and when Defendants failed to "draw up any written agreement between the Plaintiffs [or] Donald Briks to detail the intentions of the parties that Plaintiffs should remain the actual owners of their shares in the property." (Compl., [Docket No. 1], at 3–5). Even accepting these factual allegations as true and making all reasonable inference in Plaintiffs' favor,

8

this still does not show that Defendants were state actors or in any way engaged in state action under the Fourteenth Amendment; at best these allegations demonstrate only the private practice of law.

As previously explained, where a claim is asserted under the Fourteenth Amendment, it is well established that Plaintiffs must show that some state action by the Defendants is involved. See, Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974). In Sain v. Geske, No. 07-cv-4203 (MJD/AJB), 2008 WL 2811166, at *14 (D. Minn. July 17, 2008), for example, the Court dismissed the plaintiff's Fourteenth Amendment claim against the defendants who were private corporations where the plaintiff failed to allege that the defendants were engaged in state action. In Sain, the plaintiff did not allege any facts that would support a claim that two private defendants were acting under color of state law at any time. Id. at *13. Rather, the plaintiff only alleged that the private defendants were "in cahoots" with alleged government co-defendants. Id. The Court ultimately held that the mere conclusory allegation that private defendants had been in contact with the government defendants involved in the same case was insufficient to support a claim that the private defendants were acting under color of state law. Id. Therefore, the Sain Court dismissed the plaintiff's Fourteenth Amendment claim. Id.

In the present case, Plaintiffs' Complaint, even liberally construed, falls even well short of the insufficient allegations at issue in Sain. Plaintiffs fail to assert any factual allegations that Defendants here were in any way acting under color of state law at the time of the conduct alleged in the Complaint. (See, Compl. [Docket No. 1]).[4]

---

[4] The private practice of law, as Defendants here are alleged to have been engaged, or the pursuit of a private cause of action, is not state action or action by the attorney under the color of state law. See, Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974) (citing Barnes v. Dorsey, 480 F.2d 1057 (8th Cir. 1973); Glasspoole v. Albertson, 491 F.2d 1090 (8th Cir. 1973)); Kapacs v. Jurevica, No. 15-cv-3019 (ADM/FLN), 2016 WL 11491366, at *5 (D. Minn. Jan. 26, 2016) (citing Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991)).

9

Accordingly, none of Plaintiffs' allegations in their Complaint support a plausible claim that Defendants were at any time state actors or otherwise acting under the color of state law.

Therefore, for all the foregoing reasons, Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) which seeks dismissal of Plaintiffs' Complaint based on its alleged violations of due process and equal protection rights under the Fourteenth Amendment, the Court recommends Defendants' Motion to Dismiss, [Docket No. 11], be **GRANTED** and that the Complaint be dismissed in its entirety without prejudice.

### III. Defendants' Motion to Strike Pleadings. [Docket No. 29].

Defendants' Motion to Strike Pleading, [Docket No. 29], seeks an Order of this Court striking Plaintiffs' unsolicited, second memorandum in purported opposition to Defendants' Motion to Dismiss.

Although Plaintiffs' second, unsolicited memorandum, [Docket No. 27], appears to be facially similar to Plaintiffs' original memorandum in opposition to Defendants' Motion to Dismiss and has the caption of the present case, Plaintiffs' second memorandum is largely a discussion about Plaintiffs' "Amended Complaint" which the memorandum asserts was previously filed. However, there has not been an amended complaint filed in the present case; in fact, Plaintiffs have neither sought leave to file such an amended complaint nor argued that they should be allowed to do so. Rather, it appears that Plaintiffs' second, unsolicited memorandum in the present was actually intended for another case filed by Plaintiffs in which they did file an amended complaint. See, Briks v. Yeager, 19-cv-1 (NEB/LIB) (D. Minn. Jan. 2, 2019). In fact, Plaintiffs' unsolicited, second memorandum reflects the arguments raised in their other case. See, Id. Accordingly, Plaintiffs' memorandum, [Docket No. 27], which appears to have been inadvertently designated for the present case will be stricken as filed in error.

The striking of Plaintiffs' second memorandum, [Docket No. 27], renders moot Defendants' Motion to Strike Pleading. [Docket No. 29]. Therefore, Defendants' Motion to Strike Pleading, [Docket No. 27], is **denied as moot**.[5]

### IV.    Plaintiffs' Motion to Show Cause. [Docket No. 35].

Although Plaintiffs designate it as such, Plaintiffs' self-entitled "Motion to Show Cause" is not a motion; it does not seek any relief from the Court or request the Court take any action. (See, Plfs.' Mot. to Show Cause [Docket No. 35]). Instead, Plaintiffs' "Motion to Show Cause" merely list the documents Plaintiffs have filed to date in the present case. (See, Id.)

Because Plaintiffs' self-entitled "Motion to Show Cause," [Docket No. 35], is not in fact a motion, it should not have been designated as such on the Court's electronic docket. Accordingly, the Clerk of Court's office is directed to term Docket No. 35 as a motion.

### V.    Plaintiffs' Motion for Sanctions. [Docket No. 36].

Plaintiffs' Motion for Sanctions, [Docket No. 36], pursuant to Rule 11 of the Federal Rules of Civil Procedure, seeks monetary sanctions against Defendants' due to Plaintiffs' perceived inaccuracies in Defendants' counsel's Meet and Confer Statement. [Docket No. 28]. In his Meet and Confer Statement, [Docket No. 28], Defendants' counsel contends that he attempted to meet and confer with Plaintiffs by mailing them two letters and leaving voicemails on James Briks' cellphone without any response; however, Plaintiffs contend it was they who attempted to contact Defendants' counsel without any response.

---

[5] The Court notes that even if Plaintiffs' second, unsolicited memorandum was intended to be filed in the present case, the Court would still strike Plaintiffs' second, unsolicited memorandum because Local Rule 7.1(c) governing the motion practice regarding Defendants' Motion to Dismiss does not allow for a second memorandum in opposition to a dispositive motion, and it is well within the Court's discretion to strike such a second, unsolicited memorandum. See, LR 7.1(g).

11

Rule 11, as relevant to the present Motion, provides that upon presenting a pleading, motion, or other paper to the Court, an attorney certifies to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). "[T]he standard under Rule 11 is whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Adams v. USAA Cas. Ins. Co., 863 F.3d 1069, 1077 (8th Cir. 2017) (quotation omitted). "Rule 11's main purpose 'is to deter baseless filings . . . . Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose.'" Id. (alteration in original) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (internal quotation omitted)).

In addition, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" Goodyear Tire & Rubber Co., 137 S. Ct. at 1186 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991)). "Because of the potency of inherent powers, a court must exercise its inherent powers with restraint and discretion, and a primary aspect of that discretion is the ability to fashion an appropriate sanction." Plaintiffs' Baycol Steering Comm. v. Bayer Corp., 419 F.3d 794, 802 (8th Cir. 2005) (quotation omitted); see, Goodyear Tire & Rubber Co., 137 S. Ct. at 1186 n.5 ("such undelegated powers should be exercised with especial restraint and discretion" (quotation omitted)).

A party's disagreement regarding which party initiated a sequence of missed calls or a party's insistence that it return another party's counsel's call when said counsel asserts there has been no return call falls well short of the type of conduct for which Rule 11 sanctions are appropriate. Even assuming solely for the sake of argument that there is some misstatement of fact in Defendants' counsel's Meet and Confer Statement, [Docket No. 28], <u>nothing</u> in the record now before the Court indicates that Defendants' counsel's "conduct, viewed objectively, manifests either intentional or reckless disregard of the [his] duties to the court." <u>See</u>, <u>Adams v. USAA Cas. Ins. Co.</u>, 863 F.3d 1069, 1077 (8th Cir. 2017).

Accordingly, Plaintiffs' Motion for Sanctions, [Docket No. 36], is **DENIED**.

## VI. Conclusion

Therefore, based on the foregoing discussion, all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' second, unsolicited memorandum of law, [Docket No. 27], is **STRICKEN as filed in error**;

2. Defendants' Motion to Strike Pleadings, [Docket No. 29], is **DENIED as moot**;

3. The Clerk of Court's office is directed to **TERM** Plaintiffs' Motion to Show Cause, [Docket No. 35]; and

4. Plaintiffs' Motion for Sanctions, [Docket No. 36], is **DENIED**.

Further, based on the foregoing discussions, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendants' Motion to Dismiss, [Docket No. 11], be **GRANTED**, for the reasons set forth herein; and

2. The present action be **DISMISSED without prejudice**.


Dated: June 6, 2019                           s/Leo I. Brisbois
                                              Hon. Leo I. Brisbois
                                              U.S. MAGISTRATE JUDGE


# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).