UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Briks and Jerome Briks, | Case No. 19-cv-0044 (WMW/LIB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Smith, Strege, Fredericksen, Butts, & Clark, Ltd and Richard E.T. Smith, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' objections to the June 6, 2019 combined Order and Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkts. 50, 51.) For the reasons addressed below, the R&R is rejected, and the Order is affirmed in all other respects.

## BACKGROUND[1]

Plaintiffs James Briks and Jerome Briks commenced this lawsuit on January 8, 2019, against the law firm of Smith, Strege, Fredericksen, Butts, & Clark, Ltd and one of the firm's lawyers, Richard E.T. Smith. Plaintiffs allege that Defendants' actions violated the Fourteenth Amendment to the United States Constitution when Defendants established a trust for Plaintiffs' brother and improperly placed certain property in it.

On February 8, 2019, Defendants moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6).

---

[1] Because the R&R includes a full recitation of the facts, only those facts that are germane and necessary to the Court's analysis are included here.

Plaintiffs subsequently filed a "Notice" on February 19, 2019, which contained an exhibit labeled "Amended Complaint." In the June 6, 2019 Order and R&R, the magistrate judge recommended granting Defendants' motion to dismiss the January 8, 2019 complaint and ruled on several nondispositive issues raised by the parties.

## ANALYSIS

Plaintiffs object to the magistrate judge's recommendation to grant the motion to dismiss and appeal the remainder of the magistrate judge's order.

### I. Objection to the R&R

When a plaintiff timely objects to an R&R, the district court reviews de novo those portions of the R&R to which the objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court also may review an R&R "*sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (observing that the "district judge has jurisdiction over the case at all times" and "retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment").

On February 19, 2019, Plaintiffs filed an amended complaint, which was within the 21-day period during which a plaintiff may file an amendment as a matter of course. Fed. R. Civ. P. 15(a)(1)(B) (providing a 21-day deadline for a party to amend its pleading after service of a Rule 12(b) motion). Although Plaintiffs filed the amended complaint as an exhibit to a document labeled "Notice," *pro se* filings are liberally construed. *See Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) ("Pleadings and other documents filed by pro se litigants should be treated with a degree of indulgence . . . ."). As such, the February

19, 2019 amended complaint is the operative complaint in this matter. For this reason, the Court rejects the R&R's recommendation to grant Defendants' motion to dismiss the January 8, 2019 complaint. Instead, Defendants' motion to dismiss the January 8, 2019 complaint is denied as moot.

## II.    Appeal of the Magistrate Judge's Order

Plaintiffs appeal the magistrate judge's rulings on three nondispositive issues: the striking of Plaintiffs' second, unsolicited memorandum of law, the termination of Plaintiffs' Motion to Show Cause, and the denial of Plaintiffs' motion for sanctions.

When a plaintiff appeals a magistrate judge's order on nondispositive issues, the district court applies an "extremely deferential" standard of review. *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). The district court will modify or set aside such a ruling only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A ruling is clearly erroneous when, after reviewing the evidence in its entirety, the court is left with the definite and firm conviction that a mistake has been committed. *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010). A nondispositive ruling is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

### A.    Plaintiffs' Second Memorandum of Law

Plaintiffs appeal the magistrate judge's decision to strike their March 4, 2019 memorandum. After Plaintiffs responded to Defendants' motion to dismiss, Plaintiffs filed a second, unsolicited memorandum of law that refers to Plaintiffs' amended complaint.

3

Addressing this unsolicited memorandum, however, the magistrate judge opined, "there has not been an amended complaint filed in the present case."

The magistrate judge's inadvertent failure to acknowledge the amended complaint is clearly erroneous. An amended complaint *was* filed in this case. Nonetheless, the magistrate judge also concluded that, "even if Plaintiffs' second, unsolicited memorandum was intended to be filed in the present case, the Court would still strike [the] memorandum because Local Rule 7.1(c) . . . does not allow for a second memorandum in opposition to a dispositive motion." This aspect of the magistrate judge's ruling is legally sound. A magistrate judge may strike a memorandum that does not comply with the Local Rules. *Cf. Kaplan v. Mayo Clinic*, 947 F. Supp. 2d 1001, 1013 n.8 (D. Minn. 2012) ("[T]he Court is not required to strike noncompliant pleadings, but retains discretion to do so as a sanction.").

Plaintiffs' argument lacks any legal basis to conclude that the Order is clearly erroneous or contrary to law. To the extent that the magistrate judge struck the memorandum because it violated the Local Rules, the magistrate judge provided a reasoned and legally sound explanation for his ruling.

Accordingly, the Court affirms the magistrate judge's decision to strike Plaintiffs' second, unsolicited memorandum of law.

### B. Plaintiffs' Motion to Show Cause

Plaintiffs next appeal the magistrate judge's decision to terminate their motion to show cause. On March 18, 2019, Plaintiffs filed a "Motion to Show Cause" with the Court. Despite its label, the document merely lists pleadings and documents filed after February

4

12, 2019. Because the document sought no relief from the Court, the magistrate judge concluded that this document is not a motion and directed the Clerk of Court to terminate the "Motion" on the docket.

In their appeal of this decision, Plaintiffs state the purpose of a motion for an order to show cause. But Plaintiffs do not attempt to explain how their list of filings constitutes such a motion.

Because this ruling is not clearly erroneous or contrary to law, the magistrate judge's decision to terminate Plaintiffs' motion to show cause is affirmed.

### C. Plaintiffs' Motion for Sanctions

On March 18, 2019, Plaintiffs filed a motion for sanctions, contending that Defendants misrepresented the sequence of events in the meet and confer statement. Plaintiffs challenge the magistrate judge's denial of their motion. The magistrate judge correctly applied the legal standard for sanctions, Fed. R. Civ. P. 11(c), concluding that "[a] party's disagreement regarding which party initiated a sequence of missed calls . . . falls well short of the type of conduct for which Rule 11 sanctions are appropriate." Plaintiffs' arguments offer no grounds to conclude that the magistrate judge's decision not to impose sanctions pursuant to Rule 11, Fed. R. Civ. P., is clearly erroneous or contrary to law.

Accordingly, the magistrate judge's denial of Plaintiffs' motion for sanctions is affirmed.[2]

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The June 6, 2019 R&R, (Dkt. 51), is **REJECTED**.

2. Defendants' motion to dismiss, (Dkt. 11), is **DENIED** as moot.

3. The June 6, 2019 Order, (Dkt. 50), is **AFFIRMED** as addressed herein.


Dated: August 15, 2019                           s/Wilhelmina M. Wright
                                                 Wilhelmina M. Wright
                                                 United States District Judge

---

[2] On July 17, 2019, Plaintiffs filed a reply to Defendants' response to Plaintiffs' objections. But a reply brief is not permitted. *See* LR 72.2(a). Even if the Court were to consider this reply, nothing in the reply would change the Court's analysis.