UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Briks and Jerome Briks, | Case No. 19-cv-0044 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Smith, Stege, Fredericksen, Butts, & Clark, Ltd, and Richard E.T. Smith, | |
| Defendants. | |

---

This matter is before the Court on the January 21, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 114.) The R&R recommends granting Defendants' motion to dismiss Plaintiffs' amended complaint for lack of subject-matter jurisdiction. Plaintiffs filed timely objections to the R&R. For the reasons that follow, the Court overrules Plaintiffs' objections, adopts the R&R, and dismisses the amended complaint without prejudice.

## BACKGROUND

Because the R&R provides a detailed factual and procedural history, the Court only briefly summarizes the background of this litigation. Plaintiffs James Briks and Jerome Briks filed this pro se action against the law firm of Smith, Stege, Fredericksen, Butts, & Clark, Ltd, and one of the firm's lawyers, Richard E.T. Smith. Plaintiffs filed their amended complaint on February 19, 2019, asserting a negligence (legal malpractice) claim against Defendants. According to Plaintiffs' amended complaint, their brother, Donald

Briks, passed away on September 9, 2010. Plaintiffs allege that Defendants established a trust for Donald Briks in 1992 and improperly placed certain property in it.

Plaintiffs previously commenced a legal-malpractice action against Defendants in Wilkin County District Court. The Wilkin County District Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants in December 2018. Plaintiffs appealed to the Minnesota Court of Appeals, which affirmed the decision. *See Briks v. Smith, Strege, Fredericksen, Butts & Clark, Ltd.*, No. A19-0136, 2019 WL 3293809 (Minn. Ct. App. July 22, 2019), *review denied* (Minn. Oct. 15, 2019). The Minnesota Supreme Court subsequently denied Plaintiffs' petition for further review, and the Minnesota Court of Appeals entered judgment on Plaintiffs' claims on October 17, 2019.

In this proceeding, Plaintiffs' amended complaint appears to be the same document that Plaintiffs filed in Minnesota state court. The caption of the amended complaint identifies the State of Minnesota, County of Wilkin, Eighth Judicial District as the presiding court and is stamped as having been filed in the Minnesota District Court. Defendants move to dismiss, arguing that this Court lacks subject-matter jurisdiction over Plaintiffs' amended complaint because Plaintiffs' negligence claim is identical to the claim previously litigated in Minnesota District Court. The R&R recommends granting Defendants' motion and dismissing Plaintiffs' amended complaint for lack of subject-matter jurisdiction. Plaintiffs object to the R&R.

**ANALYSIS**

When a party files and serves specific written objections to a magistrate judge's proposed findings and recommendations, the district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1). When doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court reviews those portions of the R&R to which no objections are made for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Only one of Plaintiffs' objections is germane to the R&R's legal analysis. Plaintiffs object to the Court's affirmative obligation to ascertain subject-matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The R&R recommends dismissing Plaintiffs' amended complaint under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–84 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923). Under the *Rooker-Feldman* doctrine, a federal district court lacks subject-matter jurisdiction over any claim by a party who lost in state court that seeks direct review of the state court judgment, *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007), or any claim that is "inextricably intertwined" with a state court decision, *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (internal quotation marks omitted). "A

claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

Here, Plaintiffs seek to relitigate a previously decided state court decision. Plaintiffs' negligence claim of legal malpractice could succeed only if the state court wrongly decided the issue. For this reason, the R&R correctly determines that this Court lacks subject-matter jurisdiction over Plaintiffs' negligence claim.

Although Plaintiffs object to other aspects of the R&R, Plaintiffs fail to articulate factual or legal grounds for any *specific* objection to the R&R. For example, Plaintiffs object to "Magistrate observations which conceal facts which jeopardize Plaintiff [*sic*] complaint." But Plaintiffs do not identify any facts that were concealed, and this Court discerns none. Beyond Plaintiffs' general allegation of "conceal[ed] facts," Plaintiffs merely repeat arguments that either are not germane to issues addressed by the magistrate judge's recommendation or were presented to and considered by the magistrate judge. While "[p]leadings and other documents filed by pro se litigants should be treated with a degree of indulgence," *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993), Plaintiffs' remaining objections, even when construed broadly, lack sufficient specificity and legal relevance to the R&R. In the absence of specific objections, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but

4

rather are reviewed for clear error"). Instead, the clear-error standard of review applies. *Id.*

Having carefully reviewed the R&R and considered each of Plaintiffs' objections, the Court finds that the R&R is neither clearly erroneous nor contrary to law. Accordingly, the Court adopts the R&R in its entirety.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' objections to the R&R, (Dkt. 115), are **OVERRULED**.

2. The January 21, 2020 R&R, (Dkt. 114), is **ADOPTED**.

3. Defendants' motion to dismiss, (Dkt. 57), is **GRANTED**.

4. Plaintiffs' amended complaint, (Dkt. 23-1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 9, 2020.                  s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge